UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL LONG,<br><br>  Plaintiff,<br><br>  v.<br><br>KAISER PERMANENTE, et al.,<br><br>  Defendant. | No. 2:23-cv-2109 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a pretrial detainee proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

I.   Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1  28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded
2  from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three
3  frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook,
4  169 F.3d 1176, 1178 (9th Cir. 1999).

5  "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only
6  when, after careful evaluation of the order dismissing an action, and other relevant information,
7  the district court determines that the action was dismissed because it was frivolous, malicious or
8  failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[W]hen a
9  district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is
10 frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint
11 is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of
12 the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v.
13 Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts
14 as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it
15 fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an
16 amended complaint" regardless of whether the case was dismissed with or without prejudice.
17 Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

18  Inspection of other cases filed by plaintiff has led to the identification of at least four cases
19 that qualify as strikes.[1]  The court takes judicial notice of the following lawsuits filed by
20 plaintiff:[2]
21 ////
22

---

[1] Although the cases listed reflect a different prisoner number, plaintiff has identified them in another recently filed action as cases that he filed.  See Long v. World, No. 2:23-cv-1739 KJM DB (E.D. Cal.), ECF No. 1 at 2-3.  The court is therefore satisfied that the cases listed were filed by plaintiff.

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1. <u>Long v. USA</u>, No. 1:13-cv-1228 JLT (E.D. Cal.) (case dismissed as frivolous on January 16, 2014 (ECF No. 14));

2. <u>Long v. USA California</u>, No. 1:13-cv-1256 GSA (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 12), case dismissed on June 23, 2014, for failure to state a claim after plaintiff failed to file an amended complaint (ECF No. 13));

3. <u>Long v. USA</u>, No. 1:13-cv-1368 SAB (E.D. Cal.) (case dismissed as frivolous on September 11, 2013 (ECF No. 6)); and

4. <u>Long v. Stanislaus County Superior Court</u>, No. 1:13-cv-1370 SAB (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 8), case dismissed on May 1, 2014, for failure to state a claim after plaintiff failed to file an amended complaint (ECF No. 9))

All of the preceding cases were dismissed well in advance of the September 25, 2023 filing of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." <u>Ray v. Lara</u>, 31 F.4th 692, 695 (9th Cir. 2022).

The complaint alleges negligence on the part of Kaiser Permanente in its disposal of medical records and medical waste, that plaintiff is being denied his right to practice his religion, and that he has been assaulted in the past and treated unprofessionally. ECF No. 1 at 3-5. Although plaintiff makes conclusory statements about his life being in danger and defendants putting his life on the line, no facts are alleged that would demonstrate an imminent risk of serious physical injury at the time of filing or that any alleged imminent danger is related to the

3

violations alleged in the complaint. See Andrews, 493 F.3d at 1057 n.11 ("Courts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." (quoting Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003))); Ray, 31 F.4th at 700 ("the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint").  The undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint.  You have not shown that you were in imminent danger of serious physical injury or that the danger you are in is related to your claims and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff be ordered to pay the entire $402.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////
////
////
////

4

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE